IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| REGINALD R. MCCUTCHEN, JR. <br><br> Plaintiff, <br><br> v. <br><br> DEKALB COUNTY SCHOOL DISTRICT, <br><br> Defendant. | CIVIL ACTION FILE NO.: <br> 1:23-cv-04768-VMC-JEM |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND BRIEF IN SUPPORT THEREOF**

COMES NOW, DEFENDANT DEKALB COUNTY SCHOOL DISTRICT ("DCSD") and files this motion to dismiss Plaintiff Reginald McCutchen's Amended Complaint against it. In support thereof, Defendant shows this honorable Court as follows:

## BACKGROUND

In July 2018, Plaintiff Reginald McCutchen began working for DeKalb County School District as a high school math teacher and track coach. (Doc. 18 ¶¶ 12-13). In January 2019, during his first year of employment, McCutchen was placed on a Professional Learning Plan ("PLP"). (*Id.* ¶ 17). In January and March of 2019, McCutchen requested accommodation for his disabilities. (*Id.* ¶ 16). In May

2020, DCSD terminated McCutchen's employment because he "failed to make adequate progress in his PLP." (*Id.* ¶¶ 40, 42).

### I.     *McCutchen's Equal Employment Opportunity Commission Charges*

In July 2019, McCutchen filed his first Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*McCutchen v. DeKalb County School District, et al.*, U.S. District Court Northern District of Georgia, Civil Action No: 1:19-cv-04956-VMC ("McCutchen I"), Doc. 56, Exhibit A at 23-24). He alleged that DCSD discriminated and retaliated against him based on his disability. (*Id.*). The EEOC issued a Notice of Right to Sue the same day. (*Id.*, Exhibit B)

On November 19, 2020, McCutchen filed a second Charge of Discrimination with the EEOC. (Doc. 18 at 18-19). There, McCutchen again alleged that he was discriminated against and retaliated against based on his disability. (*Id.*). Specifically, McCutchen alleged that his teaching contract had been non-renewed in retaliation for his complaints of alleged discrimination. (*Id.*). The EEOC issued a Notice of Right to Sue with respect to McCutchen's Second Charge on July 20, 2023. (*Id.* at 20).

### II.    *McCutchen's First Lawsuit Against DCSD*

In November 2019, McCutchen filed the first of his two suits against DCSD. (McCutchen I, Doc. 1). McCutchen's initial, *pro se* complaint alleged DCSD

interfered with his Family and Medical Leave Act ("FMLA") rights and retaliated against him for exercising his FMLA rights in the spring 2019 semester (*See id.*). In October 2020, after he retained counsel, McCutchen filed a fourth amended complaint.[1] (McCutchen I, Doc. 56). McCutchen's Fourth Amended Complaint raised four counts. (*Id.* at 9-17). In counts one and two, McCutchen alleged violations of the Americans with Disabilities Act ("ADA"), asserting that DCSD discriminated against him based on his disabilities; and that DCSD retaliated against him for reporting, complaining of, and opposing DCSD's alleged discriminatory practices and treatment. (*Id.* at 9-14). In counts three and four, McCutchen alleged violations of the FMLA, asserting that DCSD interfered with his FMLA rights and that DCSD retaliated against him for exercising his FMLA rights. (*Id.* at 14-17).

Specifically, McCutchen alleged that in January 2019 he requested an accommodation for two medical disabilities and that DCSD refused to provide the

---

[1] McCutchen filed his first amended complaint on January 16, 2020. (McCutchen I, Doc. 5). McCutchen filed his second amended complaint on January 23, 2020. (McCutchen I, Doc. 7). In June 2020, the Court *sua sponte* struck McCutchen's second amended complaint but granted McCutchen leave to replead his claims in a third amended complaint. (McCutchen I, Doc. 24). On July 20, 2020, McCutchen filed his third amended complaint. (Doc. 40). In August 2020, McCutchen requested leave to file a fourth amended complaint. (McCutchen I, Doc. 49). In October 2020, the Court granted McCutchen leave to file a fourth amended complaint but cautioned that the Court would not grant a request to file a fifth amended complaint. (Doc. 55).

3

requested accommodations and rather placed him on a PLP related to his job performance. (*Id.* ¶¶ 19, 22-23). McCutchen alleged that he then received negative evaluations for tasks which were the subject of his accommodation requests. (*Id.* ¶ 24). In May 2019, McCutchen's PLP was extended for the 2019-2020 school year. (*Id.* ¶ 28). The next month, DCSD removed McCutchen from his position as head track coach. (*Id.* ¶¶ 25-26). In August 2019, McCutchen requested FMLA leave, which DCSD granted. (*Id.* ¶¶ 29-30). When McCutchen returned to work, he requested intermittent leave, which DCSD refused to grant. (*Id.* ¶¶ 31, 33). The fourth amended complaint specifically alleged that McCutchen's termination was an adverse employment action taken on account of his disability, and as retaliation for his protected activity. (*Id.* ¶¶ 59, 67).

DCSD filed a motion for partial dismissal of the Fourth Amended Complaint, arguing, in part, that McCutchen's ADA claims went beyond the scope of his first EEOC Charge to the extent they were based on his employment termination, and therefore had not been administratively discharged. (McCutchen I, Doc. 59). The District Court granted DCSD's motion for partial dismissal, in part, and dismissed McCutchen's ADA discrimination claim to the extent it was based on McCutchen's termination because that claim was unexhausted. (McCutchen I, Doc. 72 at 8). Although McCutchen's Second EEOC Charge alleged his termination was

4

discriminatory and retaliatory, at the time he filed the Fourth Amended Complaint, he had not received notice of his right to sue. (*Id.*)

McCutchen I proceeded to summary judgment on the remaining claims. (McCutchen I, Doc. 126). Magistrate Judge McBath issued a Report and Recommendation ("R&R") recommending granting DCSD's Amended Motion for Summary Judgment in full.[2] (*Id.*). The district court adopted the R&R and granted DCSD's Amended Motion for Summary Judgment as to all remaining claims. (McCutchen I, Doc. 129).

### III.   *McCutchen's Instant Lawsuit Against DCSD.*

In October 2023, McCutchen filed this action *pro se*. The complaint in this case makes substantially the same factual claims as McCutchen I regarding DCSD's failure to implement his requested accommodations, placing him on a professional learning plan in 2019, and ultimately terminating his employment. (*See* Doc. 1). It omits the allegations regarding his FMLA leave and adds allegations that DCSD officials indicated to him that his PLP would not be extended past the first semester of the 2019–20 school year. (*Id.* ¶ 19). Like his Fourth Amended Complaint in the

---

[2] The Court granted the parties leave to file amended motions for summary judgment to include supplemental discovery responses from Plaintiff. (McCutchen I, Docs. 88, 109, 111, 115, 16, 118).

prior action, McCutchen alleges here that DCSD discriminated against him in failing to reasonably accommodate his disability and terminating his employment, and that DCSD retaliated against him by terminating his employment. (*See generally id.;* McCutchen I, Doc. 56).

On March 15, 2024, McCutchen requested this Court grant leave for him to file an Amended Complaint, which this Court granted. (Docs. 15-18). McCutchen's Amended Complaint raises two counts: ADA Discrimination/Failure to Accommodate and Retaliation. McCutchen alleged that DCSD knew that he had a disability at all relevant times and that his employment with DCSD was terminated due to his impairment, engagement in protected activities, and request for accommodations for his impairment. (*Id.* ¶¶ 50, 52). As McCutchen has already litigated these claims in McCutchen I, he is precluded from seeking relief for them a second time.

## LEGAL STANDARD

A complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 579 (2007)). Res judicata may be raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim when the defense appears on the face of the complaint and any materials of which the court may take judicial notice. *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982). On a motion to dismiss, documents that are not a part of the pleadings may be considered by the Court so long as the documents are (1) central to the allegations o the complaint and (2) undisputed. *See Perez v. Wells Fargo*, 775 F.3d 1329, 1340 n. 12 (11th Cir. 201).

## ARGUMENT AND CITATION OF AUTHORITY

As McCutchen's claims arise out of the same facts as his first lawsuit against DCSD, the principle of res judicata bars McCutchen from litigating these facts again. McCutchen's Amended Complaint must therefore be dismissed with prejudice.

The doctrine of res judicata bars a plaintiff from bringing a claim in a subsequent action if the same claim was or could have been brought in the prior action. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). "The purpose behind the doctrine of res judicata is that the 'full and fair opportunity to litigate protects [a party's] adversaries from the expense and vexation [of] attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Id.* To establish that a claim is barred under res judicata, a defendant must show that (1) the prior decision

7

was rendered by a court of competent jurisdiction; (2) the adjudication was on the merits; (3) the parties were identical in both suits; and (4) the prior and present "causes of action" are the same. *Davila v. Delta Air Lines*, 326 F.3d 1183, 1187 (11th Cir. 2003). All four requirements are met in this case.

As an initial matter, the first and third elements of res judicata are easily satisfied here. First, the United States District Court for the Northern District of Georgia is necessarily a Court of competent jurisdiction; and is the district where DCSD's alleged actions occurred, making the venue proper. 28 U.S. Code § 1391(b)(2). Second, the parties in McCutchen I and this case are identical. *See Davila*, 326 F.3d at 1188 (11th Cir. 2003).

### I.  The Judgment In McCutchen I Was On The Merits.

In determining whether a judgment has been made on the merits, Courts look to see whether the judgment was "a determination of the claim", or merely "den[ied] for a want of jurisdiction, venue, or related reasons." *Sewell v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 94 F.3d 1514, 1518 (11th Cir. 1996). If the Court previously made a "determination of the claim," then the doctrine of res judicata bars subsequent claims from being brought based on the same causes of action. *Id.* Judgments on the merits focus on the "substantive shortcomings" of raised claims,

and not whether courts have the power to hear the raised claims, but rather whether such claims are persuasive. *Davila*, 326 F.3d at 1189.

In *Jang v. United Technologies Corp.*, 206 F.3d 1147 (11th Cir. 2000), the Eleventh Circuit held that a claim previously dismissed as unexhausted was barred because other claims arising from the same operative facts had been dismissed on the merits. 206 F.3d at 1149 (holding that a plaintiff who brought an unexhausted ADA claim was barred from bringing a second claim because claim preclusion bars plaintiffs from splitting their causes of action). In other words, the fact that a prior case has been adjudicated on the merits bars related claims that were unexhausted at the time of the prior action. *Id*. at 1149.

McCutchen's claims in McCutchen I were dismissed in two orders, both of which were judgments on the merits. (*See* McCutchen I, Docs. 72, 129). First, in McCutchen I, the Court adopted the Report and Recommendation (R&R) of Magistrate Judge McBath granting summary judgment in favor of DCSD. (McCutchen I, Doc. 129). In that R&R, Judge McBath extensively analyzed each of the counts alleged in McCutchen I, including all relevant facts and material law. (*See* McCutchen I, Doc. 126). After thorough analysis, Judge McBath concluded that summary judgment should be granted for DCSD on all four counts—ADA Failure to Accommodate, ADA Retaliation, FMLA Interference, and FMLA Retaliation.

9

(McCutchen I, Doc. 126 at 61). Given the extensive analysis by Judge McBath in the adopted R&R, it is evident that the decision in McCutchen I was a "determination of the claim" in accordance with *Sewell*. *See Sewell*, 94 F.3d at 1518. Moreover, as relevant here, Judge McBath focused on the substantive shortcomings of McCutchen's ADA claims, such as the fact that McCutchen was not a qualified individual under the ADA and could not show a causal link between an adverse action and his requests for accommodation. *Davila*, 326 F.3d at 1189; (McCutchen I, Doc. 126 at 36-53).

Second, as to McCutchen's discriminatory termination claim, even though McCutchen's ADA discrimination claim based on his termination was dismissed as unexhausted, under *Jang*, this dismissal is on the merits because it arises from the same operative facts, DCSD's actions between 2018–2020, that were judged on the merits. *Jang*, 206 F.3d at 1149 (11th Cir. 2000). For these reasons, because McCutchen's claims were dismissed for want of exhaustion and for failure to state a claim, for purposes of res judicata, there was a final judgment on the merits, and the second element is satisfied. *See Davila*, 326 F.3d at 1189.

## II. *The Causes of Action In The Instant Case And McCutchen I Are The Same.*

Finally, the fourth element of the res judicata analysis, the same cause of action, is also satisfied here. In this case, McCutchen raises the same ADA causes

10

of action that he raised in McCutchen I. (*Compare* McCutchen I, Doc. 56 *with* Doc. 18). Further, in determining whether the prior and subsequent actions present the same "causes of action," the Court look not just to the counts raised but to "whether the actions arise out of the same nucleus of operative fact or are based upon the same factual predicate." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1297 (11th Cir. 2001) (cleaned up). This rule encompasses "claims in existence at the time the original complaint is filed or claims actually asserted by supplemental pleadings or otherwise in the earlier action." *Manning v. City of Auburn*, 953 F.2d 1355, 1360 (11th Cir. 1992) (footnote omitted). That is, "res judicata does not bar a claim that was not in existence at the time of the original action unless the facts underlying the claim were actually raised in that action." *Piper Aircraft*, 244 F.3d at 1299.

In McCutchen I, there were four counts alleged: ADA Discrimination/Failure to Accommodate, ADA Retaliation, FMLA Interference, and FMLA Retaliation. These claims all arise out of DCSD's alleged discriminatory actions towards McCutchen between 2018 and 2020, including his placement on a professional learning plan, his negative performance reviews, and his termination. (McCutchen I, Doc. 56 ¶¶ 22, 24, 37, and 67).

In the instant action, McCutchen alleges ADA Discrimination/Failure to Accommodate and ADA Retaliation in placing him on a professional development

11

plan, giving him negative performance reviews, and terminating his employment. (*See generally* Doc. 18). McCutchen's failure to accommodate claim and his retaliation claims based on his placement on a professional development plan and negative performance reviews fall under *Manning* and *Piper Aircraft* as these claims were in existence at the time of his Fourth Amended Complaint and were asserted in his prior action. *See Manning*, 953 F.2d at 1360; *Piper Aircraft*, 244 F.3d at 1299. As these claims were all actually asserted in McCutchen I, they are barred by res judicata from being raised again.

## CONCLUSION

Because the decision in McCutchen I was rendered by a Court of competent jurisdiction, the adjudication of McCutchen I was made on the merits of the claims and not jurisdiction based, the parties in both actions are identical, and the prior and present causes of action are the same, res judicata applies. McCutchen's Amended Complaint should therefore be dismissed.

Respectfully submitted this 11th day of April, 2024.

**HALL BOOTH SMITH, P.C.**

| | |
|---|---|
| 191 Peachtree Street NE | */s/ Allison C. Averbuch* |
| Suite 2900 | ALLISON C. AVERBUCH |
| Atlanta, GA  30303 | Georgia Bar No. 275988 |
| 404-954-5000 / 404-954-5020 Fax | TAYLOR N. THOMAS |
| aaverbuch@hallboothsmith.com | Georgia Bar No. 640213 |
| | *Attorneys for Defendant* |

12

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that the above amended motion was prepared using Times New Roman, 14-point font.

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND BRIEF IN SUPPORT THEREOF upon all counsel of record by electronically filing same with the CM/ECF filing system, and that service of the following individuals will be accomplished by CM/ECF system:

Reginald McCutchen, Jr.
3190 Rockview Drive
Lithonia, GA  30038
gsuwr86@hotmail.com
*Attorney for Pro-Se Plaintiff*

This 11th day of April 2024.

**HALL BOOTH SMITH, P.C.**

191 Peachtree Street NE          */s/ Allison C. Averbuch*
Suite 2900                        ALLISON C. AVERBUCH
Atlanta, GA  30303                Georgia Bar No. 275988
404-954-5000 / 404-954-5020 Fax   TAYLOR N. THOMAS
aaverbuch@hallboothsmith.com      Georgia Bar No. 640213

*Attorneys for Defendant*