IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| REGINALD R. MCCUTCHEN JR., <br><br> *Plaintiff,* <br><br> *v.* <br> DEKALB COUNTY SCHOOL DISTRICT, <br><br> *Defendant.* | Civ. Action No. <br> 1:23-cv-04768-VMC-JEM |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

After the DeKalb County School District (DCSD) filed a motion to dismiss, Plaintiff Reginald McCutchen Jr. filed his motion for leave to file amended complaint and his proposed Second Amended Complaint. *See generally* Docs. 26, 26-1. But his proposed Second Amended Complaint fails to cure the deficiencies identified in DCSD's motion to dismiss. Because amendment is futile, this Court should deny Plaintiff's Motion for Leave to File Amended Complaint.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

In July 2018, Plaintiff Reginald McCutchen began working for DeKalb County School District as a high school math teacher and track coach. Doc. 18 ¶¶ 12–13. In January 2019, during his first year of employment, McCutchen was placed on a Professional Learning Plan (PLP). *Id.* ¶ 17. In January and March of 2019, McCutchen requested accommodations for his disabilities. *Id.* ¶ 16. In May 2020, DCSD terminated McCutchen's

employment because he "failed to make adequate progress in his PLP." *Id.* ¶¶ 40, 42).

## I. McCutchen's Equal Employment Opportunity Commission (EEOC) Charges

In July 2019, McCutchen filed his first Charge of Discrimination with the EEOC. *McCutchen v. DeKalb Cnty. Sch. Dist., et al.*, U.S. District Court Northern District of Georgia, Civil Action No: 1:19-cv-04956-VMC (*McCutchen I*), Doc. 56, Exhibit A at 23–24. He alleged that DCSD discriminated and retaliated against him based on his disability. *Id.* The EEOC issued a Notice of Right to Sue the same day. *Id.*, Exhibit B.

On November 19, 2020, McCutchen filed a second Charge of Discrimination with the EEOC. Doc. 18 at 18–19. There, McCutchen again alleged that he was discriminated against and retaliated against based on his disability. *Id.* Specifically, McCutchen alleged that his teaching contract had been non-renewed in retaliation for his complaints of alleged discrimination. *Id.* The EEOC issued a Notice of Right to Sue with respect to McCutchen's Second Charge on July 20, 2023. *Id.* at 20.

## II. McCutchen's first lawsuit against DCSD

In November 2019, McCutchen filed the first of his two suits against DCSD. *McCutchen I*, Doc. 1. McCutchen's initial, *pro se* complaint alleged DCSD interfered with his Family and Medical Leave Act (FMLA) rights and retaliated against him for exercising his FMLA rights in the spring 2019 semester. *See id.* In October 2020, after he retained counsel, McCutchen filed

a Fourth Amended Complaint.[1] *McCutchen I*, Doc. 56. McCutchen's Fourth Amended Complaint raised four counts. *Id.* at 9–17. In counts one and two, McCutchen alleged violations of the Americans with Disabilities Act (ADA), asserting that DCSD discriminated against him based on his disabilities; and that DCSD retaliated against him for reporting, complaining of, and opposing DCSD's alleged discriminatory practices and treatment. *Id.* at 9–14. In counts three and four, McCutchen alleged violations of the FMLA, asserting that DCSD interfered with his FMLA rights and that DCSD retaliated against him for exercising his FMLA rights. *Id.* at 14–17.

Specifically, McCutchen alleged that in January 2019 he requested an accommodation for two medical disabilities and that DCSD refused to provide the requested accommodations and rather placed him on a PLP related to his job performance. *Id.* ¶¶ 19, 22–23. McCutchen alleged that he then received negative evaluations for tasks which were the subject of his accommodation requests. *Id.* ¶ 24. In May 2019, McCutchen's PLP was extended for the 2019-2020 school year. *Id.* ¶ 28. The next month, DCSD removed McCutchen from his position as head track coach. *Id.* ¶¶ 25–26. In August 2019, McCutchen requested FMLA leave, which DCSD granted. *Id.* ¶¶ 29–30. When McCutchen returned to work, he requested intermittent leave, which DCSD refused to

---

[1] McCutchen filed his first amended complaint on January 16, 2020. *McCutchen I*, Doc. 5. McCutchen filed his second amended complaint on January 23, 2020. *McCutchen I*, Doc. 7. In June 2020, the Court *sua sponte* struck McCutchen's second amended complaint but granted McCutchen leave to replead his claims in a third amended complaint. *McCutchen I*, Doc. 24. On July 20, 2020, McCutchen filed his third amended complaint. *McCutchen I*, Doc. 40. In August 2020, McCutchen requested leave to file a fourth amended complaint. *McCutchen I*, Doc. 49. In October 2020, the Court granted McCutchen leave to file a fourth amended complaint but cautioned that the Court would not grant a request to file a fifth amended complaint. *McCutchen I*, Doc. 55.

3

grant. *Id.* ¶¶ 31, 33. The Fourth Amended Complaint specifically alleged that McCutchen's termination was an adverse employment action taken on account of his disability, and as retaliation for his protected activity. *Id.* ¶¶ 59, 67.

DCSD filed a motion for partial dismissal of the Fourth Amended Complaint, arguing, in part, that McCutchen's ADA claims went beyond the scope of his first EEOC Charge to the extent they were based on his employment termination, and therefore had not been administratively discharged. *McCutchen I*, Doc. 59. The District Court granted DCSD's motion for partial dismissal, in part, and dismissed McCutchen's ADA discrimination claim to the extent it was based on McCutchen's termination because that claim was unexhausted. *McCutchen I*, Doc. 72 at 8. Although McCutchen's Second EEOC Charge alleged his termination was discriminatory and retaliatory, at the time he filed the Fourth Amended Complaint, he had not received notice of his right to sue. *Id.*

*McCutchen I* proceeded to summary judgment on the remaining claims. *McCutchen I*, Doc. 126. Magistrate Judge McBath issued a Report and Recommendation (R&R) recommending granting DCSD's Amended Motion for Summary Judgment in full.[2] *Id.* The district court adopted the R&R and granted DCSD's Amended Motion for Summary Judgment as to all remaining claims. *McCutchen I*, Doc. 129.

---

[2] The Court granted the parties leave to file amended motions for summary judgment to include supplemental discovery responses from McCutchen. *McCutchen I*, Docs. 88, 109, 111, 115, 116, 118.

### III.  This lawsuit

In October 2023, McCutchen filed this action *pro se*. The initial complaint here made substantially the same factual claims as the final, Fourth Amended Complaint in *McCutchen I* regarding DCSD's failure to implement his requested accommodations, placing him on a PLP in 2019, and ultimately terminating his employment. *See* Doc. 1. It omitted the allegations regarding McCutchen's FMLA leave and added allegations that DCSD officials indicated to him that his PLP would not be extended past the first semester of the 2019–2020 school year. *Id.* ¶ 19. Like his Fourth Amended Complaint in *McCutchen I*, his initial Complaint here alleged claims of discrimination and retaliation under the ADA. *See generally id.*; *McCutchen I*, Doc. 56. In March, with leave of Court, McCutchen filed an Amended Complaint, which was substantively the same as the initial Complaint. *See generally* Doc. 18.

DCSD moved to dismiss the Amended Complaint, arguing that McCutchen's claims here were barred by *res judicata* because they were all litigated in the prior action. Doc. 19 at 7–12. Specifically, DCSD explained that McCutchen's claims based on his negative performance reviews and PLP were in existence at the time of the original complaint in *McCutchen I* and were actually litigated on the merits. *Id.* at 9–12. And although his termination-based claims were not in existence at the time he initiated *McCutchen I*, they too were barred by *res judicata* because he had amended his pleadings to raise them. *Id.* at 9–12.

Rather than respond to DCSD's motion, McCutchen filed the instant motion for leave to amend, and a proposed Second Amended Complaint. *See* Docs. 26, 26-1. Like his Fourth Amended Complaint in *McCutchen I*, his

proposed Second Amended Complaint alleges that DCSD failed to provide him the benefit of reasonable accommodations for his disabilities, improperly extended his PLP based, at least in part, on behavior that was supposed to be covered by those accommodations, and he was ultimately terminated for discriminatory and retaliatory reasons. Doc. 26-1 ¶¶ 12–44.

## LEGAL STANDARD

Rule 15 instructs district courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(1)(b). However, the Court need not allow amendment if it would be futile. *Cockrell v. Sparks*, 510 F.3d 1207, 1310 (11th Cir. 2007). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to the summary judgment for the defendant." *Id.*

A complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 579 (2007)). *Res judicata* may be raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim when the defense appears on the face of the complaint and any materials of which the court may take judicial notice. *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982). On a motion to dismiss, documents that are not a part of the pleadings may be considered by the Court so long as the documents are (1) central to the allegations of the complaint and

6

(2) undisputed. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 n. 12 (11th Cir. 2014).

## ARGUMENT

Like McCutchen's Amended Complaint, his proposed Second Amended Complaint asserts claims based on the same nucleus of operative facts as the Fourth Amended Complaint in *McCutchen I*. Thus, like the Amended Complaint, the proposed Second Amended Complaint raises only claims barred by *res judicata*. Because McCutchen's proposed complaint does not cure the defects in his earlier complaints, allowing him to amend would be futile. *See Cockrell*, 510 F.3d at 1310. The Court should deny McCutchen's motion for leave to amend.

*Res judicata* bars a claim in a subsequent action if the same claim was or could have been brought in the prior action. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). "The purpose behind the doctrine of *res judicata* is that the 'full and fair opportunity to litigate protects [a party's] adversaries from the expense and vexation [of] attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Id.* To establish that a claim is barred under *res judicata*, a defendant must show that (1) the prior decision was rendered by a court of competent jurisdiction; (2) the adjudication was on the merits; (3) the parties were identical in both suits; and (4) the prior and present "causes of action" are the same. *Davila v. Delta Air Lines*, 326 F.3d 1183, 1187 (11th Cir. 2003). McCutchen's proposed Second Amended Complaint—like his First Amended Complaint—meets all these requirements.

As an initial matter, the first and third elements of *res judicata* are easily satisfied here. First, the United States District Court for the Northern District of Georgia was a Court of competent jurisdiction, because the claims in *McCutchen I* arose under federal law and DCSD is located in the Northern District of Georgia. *See* 28 U.S.C. §§ 1331, 1391(b)(1). Second, the parties in *McCutchen I* and the instant case are identical. *See Davila*, 326 F.3d at 1188 (11th Cir. 2003).

### I. The Court's judgment in *McCutchen I* was on the merits as to each of McCutchen's claims

In determining whether a judgment has been made on the merits, Courts look to see whether the judgment was "a determination of the claim," or merely "den[ied] for a want of jurisdiction, venue, or related reasons." *Sewell v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 94 F.3d 1514, 1518 (11th Cir. 1996). If the Court previously made a "determination of the claim," then the doctrine of *res judicata* bars subsequent claims from being brought based on the same causes of action. *Id.* Judgments on the merits focus on the "substantive shortcomings" of raised claims, and not whether courts have the power to hear the raised claims. *Davila*, 326 F.3d at 1189.

Further, the prior court need not have disposed of each and every claim on its merits for the court's judgment to have preclusive effect. That is, so long as the prior court's judgment is on the merits with respect to at least some of the claims raised in the prior litigation, that judgment will bar relitigation of claims that were dismissed on procedural grounds. *See Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (2000). Thus, in *Jang*, the Eleventh Circuit held that *res judicata* applied to a plaintiff's ADA claim, which had previously been

dismissed as unexhausted, because in the prior suit the plaintiff had litigated state-law claims arising from the same facts to judgment on the merits. *Id.*

In *McCutchen I*, McCutchen brought ADA discrimination and retaliation claims based both on his treatment during his employment and his termination. The court disposed of these claims in two stages: First, it dismissed the termination-based discrimination claim because it was beyond the scope of McCutchen's first EEOC charge—the only one which had then been resolved—and, thus, was unexhausted. *McCutchen I*, Doc. 72 at 8. Second, it granted summary judgment to DCSD on McCutchen's remaining failure-to-accommodate and retaliation claims because it concluded he could not establish a *prima facie* case as to either claim. *McCutchen I*, Doc. 126 at 36–53 (magistrate judge's report and recommendation); Doc. 129 (order adopting report and recommendation).

The latter order is clearly an adjudication on the merits of McCutchen's failure-to-accommodate and retaliation claims, as the magistrate judge's determination that McCutchen could not make a *prima facie* case of an ADA violation under either theory addressed the "substantive shortcomings" of those claims—rather than procedural or jurisdictional infirmities. *See Davila*, 326 F.3d at 1189. And even though McCutchen's discriminatory termination claim was not disposed of the on the merits, because it arose from the same facts as his failure-to-accommodate and retaliation claims, its dismissal also had preclusive effect. *See Jang*, 206 F.3d at 1149.

## II.  The causes of action in *McCutchen I* and this case are the same

In determining whether the prior and subsequent actions present the same "causes of action," the Court look not just to the counts raised but to

9

"whether the actions arise out of the same nucleus of operative fact or are based upon the same factual predicate." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1297 (11th Cir. 2001) (cleaned up). This rule encompasses "claims in existence at the time the original complaint is filed or claims actually asserted by supplemental pleadings or otherwise in the earlier action." *Manning v. City of Auburn*, 953 F.2d 1355, 1360 (11th Cir. 1992) (footnote omitted). That is, "*res judicata* does not bar a claim that was not in existence at the time of the original action unless the facts underlying the claim were actually raised in that action." *Piper Aircraft*, 244 F.3d at 1299.

The Fourth Amended Complaint in *McCutchen I* alleged that starting in January 2019 and continuing through McCutchen's termination, DCSD failed to comply with its obligations under the ADA make reasonable accommodations for McCutchen's disability, and—for discriminatory or retaliatory reasons—improperly extended McCutchen's PLP and ultimately terminated him. *McCutchen I*, Doc. 56 ¶¶ 12–48. Based on these facts, he raised claims of (1) ADA discrimination; (2) ADA retaliation; (3) FMLA interference; and (4) FMLA retaliation. *Id.* ¶¶ 56, 67, 82, 91.

Likewise, in his proposed Second Amended Complaint, McCutchen alleges that, from 2019 until McCutchen's termination, DCSD failed to comply with its obligations under the ADA to make reasonable accommodations for his disability, and—for discriminatory and retaliatory reasons—improperly extended McCutchen's PLP and ultimately terminated him. Doc. 26-1 ¶¶ 12–44. Based on these allegations, McCutchen raises claims of ADA discrimination and ADA retaliation. *Id.* ¶¶ 51, 60. Put simply, both the proposed Second

Amended Complaint and the Fourth Amended Complaint in *McCutchen I* concern the decline and end of McCutchen's relationship with DCSD from early 2019, into 2020, which coincided with DCSD's alleged failures to properly accommodate McCutchen's disability. Because both the prior action and this one "arise out of the same nuclear of operative facts," they present the same "causes of action" for *res judicata* purposes. *Piper Aircraft*, 244 F.3d at 1297.

## CONCLUSION

McCutchen's proposed Second Amended Complaint fails to cure an essentially incurable defect in McCutchen's prior pleadings: that this case presents the same causes of action, based on the same facts, as McCutchen's prior lawsuit against DCSD, and, thus, the case is barred by *res judicata*. Because his Second Amended Complaint would be immediately subject to dismissal on this basis, allowing him leave to amend would be futile. Accordingly, the Court should deny McCutchen's motion for leave to amend.

Respectfully submitted this 18th day of June, 2024.

                                                  **HALL BOOTH SMITH, P.C.**

| | |
|---|---|
| 191 Peachtree Street NE | */s/ Allison C. Averbuch* |
| Suite 2900 | ALLISON C. AVERBUCH |
| Atlanta, Georgia 30303 | Georgia Bar No. 275988 |
| Phone: (404) 954-5000 | DYLAN MAGRUDER |
| Fax: (404) 954-5020 | Georgia Bar No. 810717 |
| aaverbuch@hallboothsmith.com | *Counsel for DeKalb County School* |
| dmagruder@hallboothsmith.com | *District* |

11

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **Defendant's Response in Opposition to Plaintiff's Motion for Leave to Amend** upon all counsel of record and unrepresented parties by electronically filing the same via the CM/ECF system.

Reginald McCutchen, Jr.
3190 Rockview Drive
Lithonia, GA  30038
gsuwr86@hotmail.com
*Pro-Se Plaintiff*

This 18th day of June, 2024.

**HALL BOOTH SMITH, P.C.**

191 Peachtree Street NE           */s/ Allison C. Averbuch*
Suite 2900                         ALLISON C. AVERBUCH
Atlanta, Georgia 30303             Georgia Bar No. 275988
Phone: (404) 954-5000              DYLAN MAGRUDER
Fax: (404) 954-5020                Georgia Bar No. 810717
aaverbuch@hallboothsmith.com       *Counsel for DeKalb County School*
dmagruder@hallboothsmith.com       *District*